# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**ALSTON TASCOM, INC., ORACLE CORPORATION, and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**<br><br>**Defendants.** | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against Defendant Alston Tascom, Inc. ("Alston Tascom"); Oracle Corporation ("Oracle"); and Toshiba America Information Systems, Inc. ("Toshiba") (collectively referred to herein as "Defendants"):

## THE PARTIES AND PATENTS-IN-SUIT

1.       Plaintiff Walker Digital, LLC is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905.  Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.       On information and belief, Defendant Alston Tascom is a California corporation with its corporate headquarters and principal place of business at 13512 Vintage Place, Chino, California 91710.

3.      On information and belief, Defendant Oracle is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.

4.      On information and belief, Defendant Toshiba is a California corporation with its corporate headquarters and principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      On information and belief, all of the Defendants are subject to this Court's jurisdiction because they have, upon information and belief:  (1) transacted business in this district including, more specifically, directly and/or through intermediaries, shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of their accused products in the State of Delaware; and/or (2) delivered their products into the stream of commerce with the expectation that they will be purchased by consumers in Delaware.  Moreover, Oracle is a corporation organized and existing under the laws of Delaware.  All the Defendants, upon information and belief, are doing substantial business in this District, and have committed acts of patent infringement in this District.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**THE ASSERTED PATENTS**

8.      On November 26, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,487,291 ("the '291 patent"), entitled "Method and Apparatus for Value-Based Queuing of Telephone Calls" to Jay S. Walker, James A. Jorasch and Thomas M. Sparico, who assigned their rights and interests in the '291 patent to Walker Digital.  A true and correct copy of the '291 patent is attached as Exhibit A.

9.      Walker Digital is thus the owner of the '291 patent.

10.     On April 24, 2001, the USPTO duly and legally issued U.S. Patent No. 6,222,920 ("the '920 patent"), entitled "Method and Apparatus for Value-Based Queuing of Telephone Calls" to Jay S. Walker, James A. Jorasch and Thomas M. Sparico, who assigned their rights and interests in the '920 patent to Walker Digital.  A true and correct copy of the '920 patent is attached as Exhibit B.  The '291 patent and '920 patent are collectively referred to herein as "the Asserted Patents."

11.     Walker Digital is thus the owner of the '920 patent.

**FACTUAL BACKGROUND**

12.     Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.  Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing, and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel

industry.   The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.   As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

13.      Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and the team of innovators.   This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.   Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.   Revolutionary technologies, including the method and apparatus for value-based queuing of telephone calls claimed in the '291 and '920 patents, were a direct result of that investment.

14.      The '291 and '920 patents disclose state-of-the-art value-based call center systems and methods for prioritizing between telephone calls in a queue.   Using the technology claimed in the '291 patent enables call centers to rearrange calls in a queue based on prioritization information other than that which is indicative of the time when the call is received.   Thus, a new call can be prioritized over other calls in a queue based on any number of factors including, but not limited to, an identification of the phone number dialed, identity of the caller, quantity of items ordered, item numbers, catalog numbers and other data from which economic value can be determined.

15.      The technology claimed in the '920 patent processes a telephone call by determining the economic value of the call and positioning that call within a queue with a rank based on the economic value of the call.

## COUNT I

### (Infringement of the '291 Patent)

16.     Walker Digital incorporates and realleges the allegations of paragraphs 1-15.

17.     Upon information and belief, Defendant Alston Tascom is infringing (literally and/or under the doctrine of equivalents) the '291 patent in this District and throughout the United States by, among other things, making and using systems for value-based queuing of telephone calls such as the Tascom Evolution System, covered by, without limitation, claim 4 of the '291 patent.  By way of example and without limitation, Defendant's call center product establishes a queue of a plurality of incoming telephone calls ranked according to respective call information for each, determines the position in the queue between two of those calls for a new call according to information about the new call, which information is indicative of, for example, the priority of the call, customer's input, *etc.*, and repositions the calls based on the position of the new call.

18.     Upon information and belief, Defendant Oracle is infringing (literally and/or under the doctrine of equivalents) the '291 patent in this District and throughout the United States by, among other things, making and using systems for value-based queuing of telephone calls such as Oracle Call Center On Demand, covered by, without limitation, claim 4 of the '291 patent.  By way of example and without limitation, Defendant's call center product establishes a queue of a plurality of incoming telephone calls ranked according to respective call information for each, determines the position in the queue between two of those calls for a new call according to information about the new call, which information is indicative of, for example, Customer ID, phone number, customer priority level, and project priority level, *etc.*, and repositions the calls based on the position of the new call.

19. Upon information and belief, Defendant Toshiba is infringing (literally and/or under the doctrine of equivalents) the '291 patent in this District and throughout the United States by, among other things, making and using systems for value-based queuing of telephone calls such as Strata CIX, covered by, without limitation, claim 4 of the '291 patent.  By way of example and without limitation, Defendant's call center product establishes a queue of a plurality of incoming telephone calls ranked according to respective call information for each, determines the position in the queue between two of those calls for a new call according to information about the new call, which information is indicative of, for example, the priority of the call, customer's input, caller ID, caller's zip code, *etc.*, and repositions the calls based on the position of the new call.

20.     Defendants committed these acts of infringement without license or authorization.

21.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '291 patent.

## COUNT II

### (Infringement of the '920 Patent)

22.     Walker Digital incorporates and realleges the allegations of paragraphs 1-15.

23.     Upon information and belief, Defendant Alston Tascom is infringing (literally and/or under the doctrine of equivalents) the '920 patent in this District and throughout the United States by, among other things, making and using systems for value-based queuing of telephone calls such as Tascom Evolution System, covered by, without limitation, claim 1 of the '920 patent.  By way of example and without limitation, Defendant's call center product

determines the economic value associated with a new telephone call using, for example, the priority of the call, customer's input, *etc.*, and positions the new call within a queue containing a plurality of telephone calls, the new call being positioned with a rank based on the economic value assigned to the new call and the economic values assigned to the plurality of telephone calls in the queue.

24.     Upon information and belief, Defendant Oracle is infringing (literally and/or under the doctrine of equivalents) the '920 patent in this District and throughout the United States by, among other things, making and using systems for value-based queuing of telephone calls such as Oracle Call Center On Demand, covered by, without limitation, claim 1 of the '920 patent.  By way of example and without limitation, Defendant's call center product determines the economic value associated with a new telephone call using, for example, Customer ID, phone number, customer priority level, and project priority level, *etc.*, and positions the new call within a queue containing a plurality of telephone calls, the new call being positioned with a rank based on the economic value assigned to the new call and the economic values assigned to the plurality of telephone calls in the queue.

25.     Upon information and belief, Defendant Toshiba is infringing (literally and/or under the doctrine of equivalents) the '920 patent in this District and throughout the United States by, among other things, making and using systems for value-based queuing of telephone calls such as Strata CIX, covered by, without limitation, claim 1 of the '920 patent.  By way of example and without limitation, Defendant's call center product determines the economic value associated with a new telephone call using, for example, the priority of the call, customer's input, caller ID, caller's zip code, *etc.*, and positions the new call within a queue containing a plurality of telephone calls, the new call being positioned with a rank based on the economic value

assigned to the new call and the economic values assigned to the plurality of telephone calls in the queue.

26.     Defendants committed these acts of infringement without license or authorization.

27.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '920 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Defendants:

(a)     A judgment in favor of Walker Digital that Defendants have directly infringed (either literally or under the doctrine of equivalents) one or more claims of the Asserted Patents;

(b)     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the Asserted Patents;

- 9 -

(c)     A judgment and order requiring Defendants to pay Walker Digital its damages,

costs, expenses, and pre-judgment and post-judgment interest for Defendants'

infringement of the Asserted Patents;

(d)     A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees;

and

(e)     Any and all such other relief as the Court deems just and proper.


April 14, 2011                                          BAYARD, P.A.

                                                        /s/ *Richard D. Kirk*
Of Counsel:                                             Richard D. Kirk (rk0922)
                                                        Stephen B. Brauerman (sb4952)
  James C. Otteson                                      222 Delaware Avenue, Suite 900
  David A. Caine                                        P.O. Box 25130
  Tom Carmack                                           Wilmington, DE  19899
  Xiang Long                                            rkirk@bayardlaw.com
  Agility IP Law, LLC                                   sbrauerman@bayardlaw.com
  1900 University Circle                                (302) 655-5000
  Suite 201
  East Palo Alto, CA  94303                             Attorneys for Plaintiff Walker Digital, LLC
  jim@agilityiplaw.com
  dacaine@agilityiplaw.com
  tom@agilityiplaw.com
  longxiang@agilityiplaw.com
  (650) 227-4800